IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| OPTIC153 LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>FIBERLABS, INC.<br><br>                Defendant. | Civil Action No. 6:19-cv-664<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff OPTIC153 LLC ("Plaintiff" or "OPTIC153"), for its Complaint against Defendant FiberLabs Inc. ("Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, with respect to certain claims of U.S Patent No. 6,587,261 ("the '261 patent" or "the Asserted Patent Claims").

**THE PARTIES**

2. Plaintiff is a limited liability companies organized under the laws of the State of Delaware and has a place of business at 356 Greenwood Court, Villanova, PA, 19085.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of Japan having a principal place of business at KDDI Research building, 2-1-15 Ohara, Fujimino-shi, Saitama,356-8502 Japan.  Upon information and belief, Defendant imports, sells and offers to sell products and services throughout the United States, including in this judicial

district, and introduces products and services into the stream of commerce that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. § 1391, as applied to Defendant, a resident of Japan, in view of *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

7. On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Texas and this District, pursuant to due process and/or the Texas Long Arm Statute because Defendants purposefully availed itself of the privileges of conducting business in the State of Texas and in this District, because Defendant regularly conducts and solicits business within the State of Texas and within this District, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and this District.

## BACKGROUND

### The Invention

8.     The inventions embodied by the Asserted Patent Claims address a need existing in the field of optical transmission systems at the time of the invention by offering an improved optical amplifiers and associated systems.  The improved optical transmission systems include at least one optical amplifier configured to provide optical amplification of one or more information carrying optical signal wavelengths. The performance of the at least one optical amplifier is based on an in-line characterization of the at least one optical amplifier and the transmission fiber. The in situ, or installed/on-line, performance characteristics of the optical amplifier can be determined by measuring the relative gain at signal wavelength as a function of the supplied pump power. The installed characterization of the optical amplifier performance allows the gain profile to be tightly controlled in the transmission system.

### Technological Innovation

9.     The inventions embodied by the Asserted Patent Claims resolve technical problems related to the development of optical transmission systems having increased capacity and longer transmission distances.  As recited in the specification associated with the Asserted Patent Claims explain, one of the drawbacks of the prior art in achieving increased capacity and transmission distance in optical transmission systems is the ability to have in situ characterization and in situ control within the optical transmission systems.

10.    The Asserted Patent Claims do not merely recite the performance of some well-known business practice from the prior art along with the requirement to perform it using generic technology.  Instead, the Asserted Patent Claims recite inventive concepts that are deeply rooted

in optical signal technology, and overcome problems specifically arising out of how to provide in situ characterization and in situ control with the systems.

11. In addition, the Asserted Patent Claims recite inventive concepts that improve the functioning of optical amplifiers.

12. Moreover, the Asserted Patent Claims recite inventive concepts that are not merely routine or conventional use of a generic communication system. Instead, the inventions embodied by the Asserted Patent Claims provides a new and novel solution to specific problems related to optical signal transmissions over fiber using optical energy.

13. And finally, the inventions embodied by the Asserted Patent Claims do not preempt all the ways that transmitting optical signals over a fiber-optic system, nor do the Asserted Patent Claims preempt any other well-known or prior art technology.

14. Accordingly, the Asserted Patent Claims recite a combination of elements sufficient to ensure that the claims, in substance and in practice, amount to significantly more than a patent-ineligible abstract idea.

**Accused Instrumentalities**

15. Upon information and belief, Defendant makes, uses, offers to sell, sells, and/or imports into the United States certain erbium doped fiber amplifiers products (the "Accused Instrumentalities"). Product information displayed on Defendant's website concerning the Accused Instrumentalities is available online, at least as of the time of the filing of the complaint. Exemplary products that constitute the Accused Instrumentalities and portions of the product information from Defendant's website are included herewith as Exhibit A, along with certain useful reference material.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,587,261**

16. The allegations set forth in the foregoing paragraphs are incorporated into this Count I.

17. On July 1, 2003, the '261 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Optical transmission systems including optical amplifiers and methods of use therein." A true and correct copy of the '261 patent is attached as Exhibit B.

18. Defendant is the assignee and owner of the right, title and interest in and to the '261 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

19. Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '261 patent, including at least claim 1 (a method of amplifying optical signals), by making and using the Accused Instrumentalities, such making and using including, upon information and belief, Defendant's development, testing and troubleshooting of the Accused Instrumentalities.

20. Defendant's customers directly infringe one or more claims of the '261 patent, including at least claim 1, by using the Accused Instrumentalities.

21. Defendant's (and Defendant's customers') infringement of claim 1 of the '261 patent is shown through the patent infringement claim chart attached hereto as Exhibit C, which provides evidence of, and specific articulations for how, Defendant's Accused Instrumentalities meet every element of claim 1 of the '261 patent.

22. To the extent these Accused Instrumentalities remain available on Defendant's website several weeks after Defendant's receipt of this complaint, Defendant shall be liable for

willful and/or induced infringement for continuing to at least offer to sell for Defendant's customers' use, the Accused Instrumentalities, with full knowledge of the allegations of infringement recited herein.

23. Defendant has been harmed by the Defendant's infringing activities with respect to the '261 patent.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Defendant demands judgment for itself and against Defendant as follows:

A. An adjudication that the Defendant has infringed the Asserted Patent Claims;

B. An award of damages to be paid by Defendant adequate to compensate Defendant for Defendant's past infringement of the Asserted Patent Claims, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D. An award to Defendant of such further relief at law or in equity as the Court deems just and proper.

Dated: November 18, 2019

DEVLIN LAW FIRM LLC

/s/  *Alex Chan*
Alex Chan (State Bar No. 24108051)
Timothy Devlin (to be admitted)
James M. Lennon (to be admitted)
Nadiia S. Loizides (to be admitted)
Peter Mazur (to be admitted)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
achan@devlinlawfirm.com
tdevlin@devlinlawfirm.com
jlennon@devlinlawfirm.com
nloizides@devlinlawfirm.com
pmazur@devlinlawfirm.com

*Attorneys for Plaintiff*
*OPTIC153 LLC*